IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CPI QUALIFIED PLAN CONSULTANTS,
INC.,

          Plaintiff,

vs.

          Case No. 05-1297-JTM

ALLISON BARLOW,

          Defendant.

MEMORANDUM AND ORDER

      Plaintiff CPI Qualified Plan Consultants, Inc., began the present action in Barton County, Kansas District Court seeking to enforce against defendant Allison Barlow a two-year covenant not to compete. CPI's state court Petition did not seek any specific amount as damages, but did seek recovery under a liquidated damages clause in the contract, which called for damages of $200 each day the contract was violated, along with injunctive relief preventing Barlow from remaining in the allegedly unlawful employment position. Barlow later removed the case here. CPI has moved to remand the case.

      The only question presented by plaintiff CPI's motion is whether the amount-in-controversy requirement for federal jurisdiction has been met. CPI argues that it has not. First, it contends that the cost to defendant of complying with an injunctive relief and foregoing her current salary of $80,000 for two years, fails to meet the amount-in-controversy requirement, because it is mere

speculation to assume that Barlow could not obtain some other job. Second, CPI argues that the liquidated damages provision ($200 for each day of the alleged violation) is insufficient because

> [i]t is impossible to determine the length of time that these punitive damages might wind up being calculated. The injunction might be granted prior to the necessary days to reach the $75,000 mark of liquidated damages; the Defendant, for unforseen reasons, may terminate her employment and thus, her violations of the covenant not to compete would end.

(Dkt. No. 10, at 5).

The court finds no basis for remand. Here, the court cannot say as a matter of legal certainty that defendant will not vindicate a right which is sufficient to meet the jurisdictional amount. *Woodmen of the World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir.2003). As a general matter, it has not "been overly difficult in the past for federal courts to find the requisite jurisdictional amount in actions brought to enforce covenants not to compete." *Premier Industrial Corp. v. Texas Industrial Fastener Co.*, 450 F.2d 444, 446 (5th Cir.1971). This is the appropriate result here.

The parties acknowledge that the amount in controversy may be established by considering the cost of injunctive relief. *Justice v. Atchison, Topeka & Santa Fe Ry.*, 927 F.2d 503, 505 (10th Cir. 1991). Here, it is uncontroverted that CPI seeks to preclude Barlow from remaining in her current $80,000 per year position for two years. In similar cases involving restrictive employment covenants, courts have looked to the amount of the employee's salary which would be foregone as sufficient for establishing the jurisdictional amount in controversy. *Roberge v. Qualitek Internat'l*, No. 01-5509, 2002 WL 109360 (N.D. Ill. 2002); *Component Mgmt. Servs. v. America II Electronics*, No. 03-1210-P, 2003 WL 23119152 (N.D. Tex. 2003).

CPI in its reply seeks to distinguish *Roberge*, suggesting the case indicates that the employee's "earning capacity" must also be considered. (Dkt. No. 13, at 2). The court finds the distinction is without merit. In the cited portion of the opinion, the *Roberge* court merely converted the employee's annual salary (Canadian $70,000) to its American dollar equivalent ($44,000). Since, as here, the plaintiff was seeking to exclude the defendant from this employment for two years, the court found that the amount in controversy was $88,000 and so held that the amount in controversy was met. The Roberge court made no attempt to subtract from this figure some speculative amount which the employee might have made in alternate employment. To the contrary, the court simply recited the evidence showing the amount of the employee's existing employment, finding it "compelling proof" of the amount in controversy. 2002 WL 109360, at *8. Similarly, in *Component Mgmt. Servs. v. America II Electronics*, the court held that federal jurisdiction existed where the evidence established that the monthly salary of the employee's new job, multiplied by the number of months remaining on the no-compete clause, exceeded the amount in controversy. Again, there was no deduction made for some hypothetical, alternative employment.

As noted in *Justice v. Atchison, Topeka & Santa Fe Ry.,* a case is removable if "*either* the cost to the defendant *or* the value to the plaintiff" exceeds the amount in controversy. 927 F.2d at 503 (*citing* Wright & Miller, 14C Fed. Prac. & Proc. Juris. 3d § 3725, 431-432) (emphasis added). Because the former clearly satisfies the amount-in-controversy figure requirement, the court need not determine whether the latter would also provide a basis for federal jurisdiction.

IT IS ACCORDINGLY ORDERED this day 2d day of February, 2006, that the plaintiff's Motion to Remand (Dkt. No. 9) is hereby denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE